IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| POWERHOUR, L.L.C., a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BRAIN SWELL MEDIA L.L.C., a South Carolina limited liability company,<br><br>Defendant. | **ORDER and<br>MEMORANDUM DECISION**<br><br><br><br>Case No. 2:11-cv-356-CW |

This court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998). Here, Plaintiff PowerHour, .L.L.C. invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 in its complaint. The complaint, however, does not allege sufficient facts for the court to satisfy itself that the requirements of § 1332 have been met.

While PowerHour asserts that it is a citizen of Utah and that Defendant Brain Swell Media, L.L.C. is a South Carolina citizen, the court cannot confirm those facts without knowing the citizenship of the parties' members. That is because "for entities other than corporations," the court's "'diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of.

. . . each of its members.'" *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990), internal quotations omitted). Until Power Hour alleges or otherwise informs the court of the citizenship of the members of the limited liability companies that are parties to this case, then, diversity jurisdiction is unclear.

Accordingly, Power Hour has twenty days from the date of this order to (1) amend its complaint to clearly plead diversity or (2) to show why this case should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED this 20th day of April, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge