THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| POWERHOUR, L.L.C., a Utah Limited Liability Company, | Case No. 2:11CV356 |
| Plaintiff, | MEMORANDUM DECISION |
| vs. |  |
| BRAIN SWELL MEDIA, L.L.C, a South Carolina Limited Liability Company, |  |
| Defendant. |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PowerHour ("Plaintiff"), a Utah limited liability corporation, filed this diversity suit on April 18, 2011 alleging breach of contract against Brain Swell Media ("Defendant"), a South Carolina limited liability company. Brain Swell Media filed a motion to dismiss for lack of personal jurisdiction and memorandum in support on June 2, 2011 (Doc. # 17). Plaintiff filed its response in opposition and memorandum on July 7, 2011. Defendant filed its reply on July 26, 2011. The court has considered the parties' briefs and is prepared to issue the following memorandum decision.

RELEVANT FACTS

Defendant does not maintain any offices, bank accounts, telephone numbers, or employees in Utah and has never been incorporated or paid taxes in Utah. Declaration of Ryan Dohrn (hereinafter "Dohrn Decl.") ¶¶ 4-13. No employee, agent, or representative of Defendant has ever visited Utah to discuss, work on, or conduct business relating to the facts alleged in the complaint. *Id* ¶¶ 13, 16-19.

The terms of the contract at issue in this litigation were negotiated between PowerHour and BSM by means of telephone calls and email exchanges between PowerHour and BSM, as well as exchanges of copies of the document. Declaration of Ernest Oriente ("Oriente Decl.") ¶¶ 23, 24. During the relationship, BSM knew that PowerHour was located in Utah. *Id* ¶ 24. BSM has sent hundreds of weekly emails to PowerHour in Utah. *Id* ¶¶ 15,19. For most of the period, communications were daily or nearly daily, and for significant periods multiple emails were exchanged each day. *Id* ¶ 19. BSM participated in or initiated weekly telephone conferences with PowerHour and its affiliates. *Id* ¶¶ 11-14.

BSM operates several websites that solicit subscriptions to BSM newsletters and updates and solicit participation in webinar presentations. Bogart Decl. ¶¶ 1-7, 12, 15. BSM's websites offer website search engine optimizations services throughout the country. Bogart Decl. ¶¶ 11.

STANDARD OF REVIEW

The plaintiff in a civil case bears the burden of establishing that the court has personal jurisdiction over the defendant. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998). When a defendant files a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), the plaintiff must make only a prima facie case of personal jurisdiction in order to defeat the motion. *See OMI Holdings*, 149 F.3d at 1091; *accord Patriot Sys., Inc. v. C-Cubed Corp.*, 21 F.Supp.2d 1318, 1320 (D.Utah 1998). This may be done through well-pleaded facts in the complaint or in supporting affidavits. *See OMI Holdings*, 149 F.3d at 1091. "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is

sufficient notwithstanding the contrary presentation by the moving party." *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir.1988); *accord Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir.1995).

PERSONAL JURISDICTION

The basis for jurisdiction in this case is the diversity of the parties' citizenship. This court must therefore apply the law of the forum state, Utah, to determine whether personal jurisdiction exists. *See Harnischfeger Eng'rs, Inc. v. Uniflo Conveyor, Inc.*, 883 F.Supp. 608, 612 (D.Utah 1995). Utah courts may apply either "general" or "specific" personal jurisdiction. As explained by the Utah Supreme Court:

> General personal jurisdiction permits a court to exercise power over a defendant without regard to the subject of the claim asserted. For such jurisdiction to exist, the defendant must be conducting substantial and continuous local activity in the forum state. In contrast, specific personal jurisdiction gives a court power over a defendant only with respect to claims arising out of the particular activities of the defendant in the forum state. For such jurisdiction to exist, the defendant must have certain minimum local contacts.

*Arguello v. Industrial Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992) (citations omitted), quoted in *Harnischfeger*, 883 F.Supp. at 611; *accord Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). PowerHour contends that this court has both general and specific personal jurisdiction over Defendant Brain Swell Media and these contentions are addressed in order below.

**General Jurisdiction**

Defendant does not conduct substantial and continuous local activity such that this court would have general jurisdiction over it. General personal jurisdiction allows a court to hear matters involving a non-resident defendant regardless of the subject matter of the claim asserted. *See Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir.1999) citing

*Arguello*, 838 P.2d at 1122. For a court to exercise general personal jurisdiction, "the defendant must be conducting substantial and continuous activity in the forum state." *Soma*, 196 F.3d at 1295, quoting *Arguello*, 838 P.2d at 1122. As the Tenth Circuit Court of Appeals has noted, the relevant factors to consider whether general jurisdiction exists are whether the corporate defendant is:

> 1. engaged in business in this state;
> 2. licensed to do business in this state;
> 3. owning, leasing, or controlling property (real or personal) or assets in this state;
> 4. maintaining employees, offices, agents, or bank accounts in this state;
> 5. present in that shareholders reside in this state;
> 6. maintaining phone or fax listings within this state;
> 7. advertising or soliciting business in this state;
> 8. traveling to this state by way of salespersons, etc.;
> 9. paying taxes in this state;
> 10. visiting potential customers in this state;
> 11. recruiting employees in the state;
> 12. generating a substantial percentage of its national sales through revenue generated from in-state customers.

*Soma*, 196 F.3d at 1295-96, quoting *Buddensick v. Stateline Hotel Inc.*, 972 P.2d 928, 930-31 (Utah Ct.App.1998), cert. denied, 982 P.2d 88 (Utah 1999), cert. denied, 528 U.S. 928, 120 S.Ct. 324, 145 L.Ed.2d 253 (1999). Defendant Brain Swell Media has offered affidavit evidence that none of these factors apply to it. Plaintiff, however, argues that Defendant is indeed engaged in business in this state and advertising or soliciting business in this state through its websites. In *Patriot Systems, Inc. v. C-Cubed Corp.*, 21 F.Supp.2d 1318, 1323-24 (D.Utah 1998), this court adopted the analysis of several other courts, which "reveals three general categories along a 'sliding scale' for evaluating jurisdiction." *Id* at 1324. The categories are as follows:

> First, personal jurisdiction is established when "a defendant clearly does business over the Internet," such as entering into contracts which require the "knowing and repeated transmission of computer files over the Internet." Second, exercising personal jurisdiction

> is not appropriate when the Internet use involves "[a] passive Web site that does little more than make information available to those who are interested in it." Under these circumstances, "a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions." Third, a middle category encompasses "interactive Web sites where a user can exchange information with the host computer." Whether the exercise of jurisdiction is appropriate depends upon "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."

*Id*. (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1123-24 (W.D.Pa.1997)) (other quotations omitted); *see also Soma,* 196 F.3d at 1296 quoting *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir.1997) (noting that "the common thread [in cases involving jurisdiction via an Internet website], well stated by the district court in *Zippo*, is that 'the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.' ") (quoting *Zippo*, 952 F.Supp. at 1124); *SF Hotel Co. v. Energy Invs., Inc.*, 985 F.Supp. 1032, 1034 (D.Kan.1997).

BSM's websites seem to be best categorized passive. They do little more than make BSM information available to those who are interested. Although the websites solicit participation in webinars and newsletters, a party in unable to enter into contractual obligations through the website or exchange information with the host computer. Thus, this court cannot establish general jurisdiction over Defendant.

**Specific Jurisdiction**

"[T]he evaluation of specific jurisdiction in Utah mandates a three-part inquiry: '(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application

of the Utah long-arm statute must satisfy the requirements of federal due process.' " *Soma* 196 F.3d at 1297 quoting *National Petroleum Mkt'g, Inc. v. Phoenix Fuel Co.*, 902 F.Supp. 1459, 1465 (D.Utah 1995)(citation omitted).

    The applicable portion of Utah's long-arm statute states:

> Any person ... who in person or through an agent does any of the following enumerated acts, submits himself ... to the jurisdiction of the courts of this state as to any claim arising out of or related to: (1) the transaction of any business within this state; (2) contracting to supply services or goods in this state; (3) the causing of any injury within this state whether tortious or by breach of warranty;

Utah Code Ann. § 78-27-24. The long-arm statute defines the transaction of business as "activities of a non-resident person, his agents, or representatives in this state which affect persons or businesses within the state of Utah." Utah Code Ann. § 78-27-23. The legislature has expressly stated its intent "to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code Ann. § 78-27-22. The Utah Supreme Court "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *SII MegaDiamond, Inc. v. American Superabrasives Corp.*, 969 P.2d 430 (Utah 1998)(citation omitted).

    To satisfy due process, a court may exercise specific jurisdiction where 1) the defendant has purposefully directed its activities toward the forum state or otherwise established contacts with the forum state, 2) a nexus exists between the plaintiff's claim and the defendant's Utah contacts, and 3) the exercise of personal jurisdiction is reasonable. *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 477-478 (1985). A lack of physical presence cannot defeat personal jurisdiction. *Id* at 477.

BSM has purposefully directed its activities toward Utah and established contacts with the forum state. BSM knowingly and deliberately entered into a contract with PowerHour. Oriente Decl. at ¶¶6, 25, 26. Drafts of the contract were exchanged, directed to PowerHour in Utah, and the terms negotiated through correspondence and telephone calls to PowerHour in Utah. *Id* ¶25. The parties entered into an ongoing business relation that lasted for over two years. *Id* ¶¶6, 11-24. BSM knew that it was dealing with PowerHour and where PowerHour was located. *Id* ¶¶ 11-27. Thus, BSM established the minimum contacts required by the due process clause of the Fourteenth Amendment.

"The nexus requirement is found 'only where a non-resident defendant has engaged in some conduct within the state and the plaintiff's claims against the defendant specifically arise from that conduct.'" *First Mortgage Corp. v. State Street Bank and Trust Co.*, 173 F. Supp.2d 1167, 1175 (D. Utah 2001) quoting *Harnischfeger*, 883 F.Supp. at 617-18.

In *Patriot Systems, Inc. v. C-Cubed Corp.*, there was insufficient nexus between Utah computer software company's claims of tortious business injuries and Virginia competitor's contacts with Utah as to provide personal jurisdiction over competitor, even though it was "transacting business" within Utah pursuant to its long-arm statute, since claims did not originate or "spring from" licensing and royalty agreements between competitor and Utah company; the court found that the claims actually arose from competitor's unilateral decisions and conduct once it obtained the platform. 21 F.Supp.2d 1318, 1323-24 (D.Utah 1998). This is similar to the case

at hand because this suit did not spring from the Defendant's contacts with Plaintiff, but rather from its unilateral acts in the fulfillment of their contractual agreement. However, the court finds that the contacts in the instant case have a nexus with the suit because all of the contacts regarded the fulfillment of the contract at issue rather than a totally distinct action as in *Patriot*.

Similarly, in *First Mortgage*, the court found that a nexus did not exist because the claims did not arise from any conduct the defendant performed in Utah. 173 F. Supp.2d at 1175. This is also distinguishable from the case at hand because there were no internet-technology issues in the *First Mortgage* case nor were minimum contacts established. In this case, although the alleged breach of contract did not occur in Utah, its effects were felt in Utah in direct relation to the contract which was formed through the internet and telephone with Utah residents.

Furthermore, the general jurisdiction analysis from *Zippo* may be analogized and useful in this context. "[P]ersonal jurisdiction is established when 'a defendant clearly does business over the Internet,' such as entering into contracts which require the "knowing and repeated transmission of computer files over the Internet." *Patriot Systems, Inc. v. C-Cubed Corp.*, 21 F.Supp.2d at1324 (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1123-24 (W.D.Pa.1997)). This is a perfect description of what took place in the instant case. BSM clearly did business with PowerHour over the internet by entering into a contract via email and telephone. This contract required knowing and repeated transmission of computer files in order to build websites and engage in search engine optimization. Although PowerHour does not have sufficient internet contacts to establish general jurisdiction in the state of Utah, these same types of contacts with one individual are enough to establish specific jurisdiction as to that internet

deal. Thus, the court finds the current claim sufficiently springs from BSM's contacts with Utah so as to establish specific personal jurisdiction over the defendant BSM.

Furthermore, the exercise of personal jurisdiction in Utah is reasonable and fair to BSM. It signed a contract to provide services in Utah and maintained a business relationship under that contract for over two years. BSM does not face any special burden in defending in Utah. It has already hired counsel here. By its own self-descriptions, it conducts a worldwide business and offers services throughout the United States. There is no reason to think that South Carolina has any special interest in litigating this matter there, nor are the majority of the records and witnesses present in South Carolina. Finally, Utah has an interest in resolving this case here, as established by the language of the Utah Long-Arm Statute. The denial of jurisdiction on these grounds is only appropriate where litigation in the forum is so gravely difficult that it puts the defendant at a severe disadvantage and the court does not find that circumstance to be present based on the evidence presented. *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990).

## CONCLUSION

The motion to dismiss for lack of personal jurisdiction is denied. Exercise of specific jurisdiction is appropriate in this context. The contacts are substantial and related to the suit sufficient to establish personal jurisdiction over defendant BSM.

SO ORDERED.

DATED this 4th day of October, 2011.

BY THE COURT:

_David Sam_

David Sam
Senior Judge
United States District Court