THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| POWERHOUR, L.L.C., a Utah Limited Liability Company, | ) | Case No. 2:11CV356 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| BRAIN SWELL MEDIA, L.L.C, a South Carolina Limited Liability Company, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PowerHour ("Plaintiff"), a Utah limited liability corporation, filed this diversity suit on April 18, 2011 alleging breach of contract against Brain Swell Media ("Defendant"), a South Carolina limited liability company. Brain Swell Media filed a motion to stay litigation (Doc. #'s 32, 33) which is fully briefed. Pursuant to court instruction, Defendant filed a supplemental memorandum in support (Doc. #42) on January 17, 2012 . Plaintiff filed its supplemental response in opposition on January 26, 2012 (Doc. # 43) and Defendant filed its response on January 30, 2012 (Doc. #44). The court conducted two telephone conferences with counsel–the firsts on January 5, 2012 and the second on February 21, 2012. The court has considered the parties' briefs and comments during the telephone conferences and is prepared to issue the following ruling:

As previously indicated by the court to counsel during the January 5, 2012 telephone conference, the court finds the Defendant has not waived its right to compel arbitration. Plaintiff arguments that Defendant's actions in appearing, moving to dismiss and waiting several months before raising the arbitration issue have little support in law and are not compelling given the strong

presumption in favor of enforcing agreements to arbitrate. The only remaining issue involves the scope of the arbitration clause. In the telephone conference of January 5, 2012 the court requested supplemental briefing on this limited issue.

The court finds the case of *Central Florida Investments, Inc. V. Parkwest Associates,* 2002 UT 3, 40 P.3d 599 (Utah 2002) highly relevant and helpful in interpreting the arbitration clause in the parties' agreement before the court. As the Utah Supreme Court stated in that case:

> In this instance, to distinguish between the terms themselves and enforcement of the terms would be meaningless-a distinction without a difference.
>
> To interpret the agreement in this way would in effect nullify the agreement to arbitrate. Put otherwise, an agreement to arbitrate only terms of an agreement is of no effect if the parties can simply bring suit to enforce their interpretation of the terms of the agreement. . . .If the exception advocated by CFI, litigation to enforce the agreement, were permitted, it would swallow the bargain that "any disagreement over the terms of this agreement shall be arbitrated." Moreover, CFI's proposed interpretation would be contrary to the parties' intent, apparent from the four corners of the agreement, to avoid litigation and resolve any disputes through arbitration.

*Id.* at ¶¶ 17-18.

Accordingly, the court grants the motion to stay for the reasons contained in the Defendant's briefs and for the reasons advanced by the court in the telephone conference. This order memorializes that discussion. The parties are directed to take the necessary steps to arbitrate as per

the parties' agreement, and report to the court within 30 days of any disposition resulting from arbitration proceedings.

SO ORDERED.

DATED this 23rd day of February, 2012.

BY THE COURT:

David Sam

David Sam
Senior Judge
United States District Court